**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NORA R. BADIE,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:05-cv-593-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 23)**
>
> **FILED:** December 23, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Nora R. Badie, seeks an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Pursuant to the consent of the parties, this matter was referred to me for disposition under 28 U.S.C. § 636(c). Doc. Nos. 15, 16. A final judgment reversing the decision below was entered on September 26, 2006. Doc. No. 22. An award of fees and expenses is, therefore, ripe for consideration.

Badie's attorneys seeks $2,904.74 in attorneys' fees for work performed as follows: 14.35 hours of work by Attorney Juan C. Gautier in 2005; 0.8 hours of work by Attorney Gautier in 2006; and 3.2 hours of work performed by Attorney Sarah H. Bohr in 2006. Doc. No. 23. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI).  28 U.S.C. § 2412(d)(2)(A). Badie has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $156.79 per hour for work performed in 2005, and $163.70 for work performed in 2006. Doc. No. 20-2.  This would lead to an award of $2,249.94 for work performed by Attorney Gautier in 2005, $130.96 for work performed by Attorney Gautier in 2006, and $523.84 for work performed by Attorney Bohr in 2006, for a total award of $2,904.74.  The defendant, the Commissioner of Social Security, does not oppose these hourly rates or the number of hours worked.  Doc. No. 24.

After reviewing the papers submitted by Badie, it appears that Attorney Gautier billed 0.25 hours for "Conference with client re remand; letter re same" on October 20, 2006. Doc. No. 23 at 5.  This is after the Order of October 19, 2006, suspending Attorney Gautier from the bar of this Court.  Case No. 6:06-mc-57-Orl-19, doc. no. 7.  Inasmuch as Attorney Gautier was suspended from practicing before this Court at the time he did this work, it would be inappropriate to award fees for this work. This results in a reduction of $40.93. Otherwise, I find that the attorneys' fees requested are appropriate in the absence of objection. Therefore, the total attorneys' fees award is $2,863.81.

Badie also seeks $30.15 in expenses for postage and copying fees. Doc. No. 23. The Commissioner does not oppose these expenses. Doc. No. 24. In the absence of objection, I find that these expenses were necessarily incurred.

It is, therefore, **ORDERED** that Badie is awarded $2,863.81 in attorney's fees and $30.15 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties